1  **SUSAN K. HATMAKER 172543**
   **RACHELLE TAYLOR GOLEN 295385**
2  **HATMAKER LAW GROUP**
   A Professional Corporation
3  7522 N. Colonial Avenue, Suite 105
   Fresno, California 93711
4  Telephone: (559) 374-0077
   Facsimile:  (559) 374-0078
5
   ATTORNEYS FOR Defendant:
6  5561 SULTANA, LLC

7
                    UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9
                              * * *
10
   GEORGE AVALOS, an individual    )   NO. 1:20-cv-01383-NONE-BAM
11                                 )
         Plaintiff,                )   **DEFENDANT, 5561 SULTANA, LLC'S,**
12                                 )   **MEMORANDUM OF POINTS AND**
   vs.                             )   **AUTHORITIES IN SUPPORT OF**
13                                 )   **MOTION TO DISMISS UNDER**
                                   )   **F.R.C.P. 12(b)(6) AS TO PLAINTIFF'S**
14 5561 SULTANA, LLC a California limited ) **COMPLAINT**
   liability company; and DOES 1-10, )
15 inclusive                       )
                                   )   Date:      January 8, 2021
16       Defendants.                )   Time:      9:00 a.m.
                                   )   Courtroom: 8, 6th Floor
17                                 )
                                   )   Judge: Magistrate Barbara A. McAuliffe
18                                 )
                                   )
19                                 )
                                   )
20                                 )
                                   )
21                                 )
                                   )
22 _____ )

23

24

25

26

27

28

                    **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

   A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF'S COMPLAINT DOES NOT MEET THE PLEADING REQUIREMENTS OF rULE 8 .............................. 2

      1. The Complaint Does Not Specify How the Alleged Barriers Relate to Plaintiff's Particular Disability ........................................................................ 2

   B. THE ALLEGATION THAT THE ACCESSIBLE PARKING STALL WAS NOT CLEARLY MARKED IS PRESUMPTIVELY A NON-DISCRIMINATORY BARRIER UNDER THE UNRUH ACT. (CIVIL CODE § 55.56(E)(1), (E), (F) ............................... 5

III. THE COURT SHOULD DISMISS PLAINTIFF'S STATE LAW CLAIMS WITH PREJUDICE AS PLAINTIFF FORUM SHOPPED TO EVADE STATE LAW PROCEDURE OR ALTERNATIVE, DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c) ............................................................. 6

IV. THE PRESENT CIRCUMSTANCES WARRANT THE ALLOWANCE FOR DEFENDANT'S RECOVERY OF THEIR ATTORNEYS' FEES AND COSTS ...................... 10

V. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

*Allen v. Wright* (1984) 468 U.S. 737, 752 ................................................................................... 3

*Anderson v. U.S. Department of Housing and Urban Development* (5th Cir. 2008) 554 F.3d 525, 528 ............................................................................................................................................ 2

*Archuleta v. Wagner* (10th Cir. 2008) 523 F.3d 1278, 1281 ...................................................... 2

*Ashcroft v. Iqbal* (2009) 556 U.S. 622, 678 ................................................................................ 2

*Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3 ....................................................................... 2

*Baskin v. Hughes Realty, Inc.* (2018) 25 Cal.App.5th 184 ......................................................... 5

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555 ........................................................ 2

*Bercovitch v. Baldwin* (1999) 191 F.3d 8 ................................................................................. 10

*Chapman v. Pier 1 Imports (U.S.) Inc.,* (9th Cir. 2011) 631 F.3d 939 ....................................... 3

*City of Chicago v. International College of Surgeons* (1997) 522 U.S. 156 ............................. 8

*Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, 1044 ................................................ 3, 5

*Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377 .................... 3

*Migdal v. Rowe Price-Fleming, Int'l Inc.* (4th Cir. 2001) 248 F.3d 321, 328 ............................ 2

*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 654 F.3d 903, 907 .............................................. 3

*Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant* (S.D. Cal. 2005) 406 F.Supp.2d 1120 ............................................................................................. 9

*Smith v Dulles* (D.C. 1956) 236 F.2d 739, 740-741 ................................................................... 2

*Strojnik v. Bakersfield Convention Hotel I, LLC* (E.D. Cal. 2020) 436 F.Supp.3d 1332 .... 1, 3, 4

*Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047 ............... 9

*Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018) .......................................................................................................... 6

**STATUTES**

42 USC § 12205 .......................................................................................................................... 10

Cal. Civil Code § 55.52(a)(1) ....................................................................................................... 6

Cal. Code of Civil Procedure Code § 425.50(a) ...................................................................... 6, 7

Cal. Code of Civil Procedure Code § 425.55(b)(1) .................................................................... 7

Federal Rule of Civil Procedure, Rule 8 ............................................................................... 1, 2

I. **INTRODUCTION**

Plaintiff, George Avalos' Complaint is speculative and does not meet the pleading requirements as set forth in Federal Rule of Civil Procedure, Rule 8[1]. Specifically, Plaintiff states that he "relies upon mobility devices, including **at times** a wheelchair, to ambulate" and that his disability affects "walking, standing, ambulating, and sitting." (Document 1, ¶ 1.) An experienced litigant such as this one – or at a minimum his highly experienced attorneys - should understand that he must allege how the alleged barriers actually relate to and affect his disability on the date of his alleged visit. (*Strojnik v. Bakersfield Convention Hotel I, LLC* (E.D. Cal. 2020) 436 F.Supp.3d 1332.)

Plaintiff's Complaint begs the questions: Did he use an electric scooter or a power wheelchair on the date of his alleged visit thereby eliminating any difficulty in traversing the curb ramp? Did he use a manual wheelchair on the date of his alleged visit which he struggled to propel himself up the curb ramp? Did he use a walker or a cane which disallowed him to ambulate up the curb ramp? Did he not use any mobility device on that particular day and had no difficulty at all traversing the curb ramp? Did he even get out of his car and attempt to use the curb ramp? Plaintiff's allegations do not specify enough information so that adequate relief can be provided to him as the curb ramp may not cause Plaintiff any difficulty whatsoever. The same deficiencies exist in his allegation that the accessible parking stall was not clearly marked.

Plaintiff's Complaint facially fails to state a claim for which relief can be granted and Plaintiff has not pled enough facts to confer constitutional standing for him to bring his Complaint.

///
///
///
///

---

[1] All future references to the Federal Rules of Civil Procedure will be identified as "Rule" unless otherwise specified.

## II.     ARGUMENT

### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF'S COMPLAINT DOES NOT MEET THE PLEADING REQUIREMENTS OF RULE 8

Rule 8 (a) provides, "A pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim **showing that the pleader is entitled to relief**." (Emphasis added.) "It must appear that the claimant is entitled 'to judicial action in vindication of a right or in remedying a wrong," which includes the requirement of pleading facts to indicate the alleged wrong. (*Smith v Dulles* (D.C. 1956) 236 F.2d 739, 740-741.) All well-pleaded facts must be accepted as true; these facts must be allowed in favor of the plaintiff. (*Archuleta v. Wagner* (10th Cir. 2008) 523 F.3d 1278, 1281.) However, that acceptance hinges upon the premises that the facts are "well pleaded"; legal conclusions and conclusory allegations do not merit any deference. (*Ashcroft v. Iqbal* (2009) 556 U.S. 622, 678.) The court does not accept as true a legal conclusion couched as a factual allegation. (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) The court need not, "swallow the plaintiff's invective hook, line, and sinker; bald assertions [and] unsupportable conclusions …need not be credited." (*Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3.)

The underlying requirement for a well-pleaded complaint is that it must give "fair notice" of the claim being asserted and the "grounds upon which it rests." (*Twombly, supra,* 550 U.S. at 555.) This requirement "serves to prevent costly discovery on claims with no underlying factual or legal basis." (*Migdal v. Rowe Price-Fleming, Int'l Inc.* (4th Cir. 2001) 248 F.3d 321, 328.) A complaint must do more than identify the statutes a defendant violated, it must also allege **what conduct violated those laws**. (*Anderson v. U.S. Department of Housing and Urban Development* (5th Cir. 2008) 554 F.3d 525, 528.)

### 1. The Complaint Does Not Specify How the Alleged Barriers Relate to Plaintiff's Particular Disability

Standing is gauged by the specific common law, statutory, or constitutional claims that a party presents. "'The existence of federal standing 'often turns on the nature and source of the claim asserted.' Accordingly, our standing analysis must focus on the nature and source of a plaintiff's claim – discrimination as defined by the ADA.'" (*Strojnik v. Bakersfield Convention*

*Hotel I, LLC, supra,* 436 F.Supp.3d 1332, 1339.) "'Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way. Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility' 'on account of his **particular disability**." (*Ibid*, citing to *Chapman v. Pier 1 Imports (U.S.) Inc.,* (9th Cir. 2011) 631 F.3d 939, 947.) (Emphasis added.) "Of course, a 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." (*Chapman v. Pier 1, supra,* 637 F.3d at 947.)

Meaning, "whether **the particular plaintiff** is entitled to an adjudication of the **particular claims** asserted." (*Allen v. Wright* (1984) 468 U.S. 737, 752; abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377.) (Emphasis added.) In order for a plaintiff to have standing to bring a claim under the Americans with Disabilities Act, the alleged barrier must relate to the plaintiff's particular disability and the specific plaintiff must have a "personal stake in the outcome of the controversy." (*Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, 1044.) A plaintiff must specify, "how his disability was affected by any of the [alleged barriers] so as to deny him 'full and equal access.'" (*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 654 F.3d 903, 907.) The failure to do so will render a complaint "jurisdictionally defective." (*Ibid*.)

"A 'concrete' injury must be 'de facto,' that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term – 'real,' and not 'abstract.'" (*Strojnik v. Bakersfield Convention Hotel I, LLC, supra*, 436 F.Supp. at 1339.) "A particularized injury is one that affects the plaintiff in a personal and individual way." (*Id*. at 1340.) (Citation and internal quotes omitted.) The Court should follow its holding in *Strojnik* where the plaintiff claimed that the hotel was not accessible to him because defendant failed to fully comply with the ADAAG, and merely asserted "in a conclusory manner that the barriers were 'related to his disability and interfered with his full and complete enjoyment of the Hotel' without any further explanation." (*Ibid*.)  Such conclusory allegations couched as facts were

insufficient to confer standing because he failed to allege "sufficiently how his particularized injury affected him; that is, how his disabilities relate to the barriers he encountered." (*Ibid*.)

Just as in *Strojnik* here, Plaintiff not only fails to state what his disability actually is but merely states that the disability affects walking, standing, ambulating and sitting without any further detail. (Document 1, ⁋ 1.) This begs a very important question: If he cannot stand, walk, ambulate or sit, how did the built-up curb ramp at this particular property cause him difficulty on the date of the alleged visit? Based on the lack of clear details about his particular disability it appears that even if there was no built up curb ramp, he would still be unable to access the property without difficulty or visit the property at all because he cannot sit, stand, ambulate or walk regardless of technical compliance with federal design standards.

Furthermore, Plaintiff's allegation that the "accessible aisle [was] not clearly marked (Section 502.3.3); and, an accessible parking space [was] not clearly marked (Section 502.2)," similarly holds no weight. (Document 1, ⁋ 11.) There are looming questions surrounding this allegation as well. Was the accessible stall so poorly marked that it was unable to be seen at all? Did the marking cause Plaintiff confusion in any way so that he did not know where to park? The Complaint simply says the parking stall was not "clearly" marked, which again is a conclusory legal allegation that is not tied to his particular disability in any way. This alleged "barrier" too, is insufficiently pled and therefore he lacks constitutional standing to assert this claim.

The only information able to be gleaned from the Complaint is that Plaintiff alleges he, "personally encountered these barriers. The presence of these barriers related to Plaintiff's disability [which] denie[d] Plaintiff his right to enjoy accessible conditions as public place [*sic*] of accommodation and [that these conditions] invade[ his] legally cognizable interests under the ADA." (Document 1, ⁋ 17.) These bare legal conclusory allegations are insufficient to confer standing under the ADA, as Plaintiff fails to provide any facts as to how the alleged barriers affected his disability in any way.

Lastly, the Complaint is silent as to what kind of device he used on the date of his alleged visit. The type of device used is important for Defendant to learn because there may be no need

for any changes to the property to occur. If Plaintiff used an electric wheelchair or scooter this would eliminate any "difficulty" because the power of the device would propel Plaintiff without him having to exerting any physical effort whatsoever thereby eviscerating his Complaint. Meaning, the slope of the curb ramp could far exceed the federal design standards and it would not create any difficulty because the machine would be exerting the effort, not Plaintiff.

Plaintiff's Complaint must be dismissed for failure to state a claim under Rule 12(b)(6) because he does not plead a "concrete, particularized, actual [nor an] imminent" injury. (*Doran v. 7-Eleven, Inc., supra,* 524 F.3d at 1041.) Nor does the Complaint meet the fair notice pleading requirements under Rule 8.

**B. THE ALLEGATION THAT THE ACCESSIBLE PARKING STALL WAS NOT CLEARLY MARKED IS PRESUMPTIVELY A NON-DISCRIMINATORY BARRIER UNDER THE UNRUH ACT. (CIVIL CODE § 55.56(E)(1), (E), (F).**

The Construction-Related Accessibility Standards Compliance Act ("CRASCA") is couched under the Unruh Civil Rights Act ("the Unruh Act"). (Cal. Civil Code § 55.51 *et seq*.) Senate Bill 269 (eff. May 10, 2016) created a rebuttable presumptions under CRASCA so that Plaintiffs could not recover for minor de minimis violations of the California Building Code. Compliance with the California Building Code's accessibility requirements meets or exceeds the accessibility requirements under the Americans with Disabilities Act. (*Baskin v. Hughes Realty, Inc.* (2018) 25 Cal.App.5th 184, 192-192.)

California Civil Code[2] section 55.56, subdivision (e)(D), states that "the color of parking lot striping, provided that it exists and provides sufficient contrast with the surface upon which it is applied to be reasonably visible," is presumed to not cause a person "difficulty, discomfort, or embarrassment." (*See* Civil Code § 55.56 (e)(1).) Similarly, subdivision (e)(F) states, "faded, chipped, damaged, or deteriorated paint in otherwise fully compliant parking spaces and passenger access aisle in parking lots, provided that it indicates the required dimensions of a parking space or access aisle in a manner that is reasonably visible," also is presumptive not discriminatory. (Civil Code § 55.56 (e)(F).)

---

[2] Reference to "Civil Code" shall refer to California Civil Code, unless otherwise noted.

5
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

As discussed hereinabove, all Plaintiff alleges is that the space was not "clearly" marked but does not provide any detail as to why or how it was not clearly marked. Plaintiff has not pled any details whatsoever that he did in fact "experience difficulty, discomfort, or embarrassment on the particular occasion as a result" of the technical violation. (Civil Code § 55.56(e)(G)(2).) Plaintiff's allegation of discrimination for this kind of alleged technical violation fails as a matter of California law.

### III. THE COURT SHOULD DISMISS PLAINTIFF'S STATE LAW CLAIMS WITH PREJUDICE AS PLAINTIFF FORUM SHOPPED TO EVADE STATE LAW PROCEDURE OR ALTERNATIVE, DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c)

By way of background, in 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act. (*Velez v. Il Fornaio (America) Corp.*, (S.D. Cal. Dec. 10, 2018) 2018 WL 6446169, at *6 .) These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard. (Civil Code § 55.52(a)(1).) California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. (*See* Code of Civil Procedure § 425.50(a).) California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. (*See* Cal. Civ. Proc. Code § 425.50(b)(1).) A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. (*Id*.)

Plaintiff has forum shopped so as to avoid the procedural requirements for a "high-frequency litigant" under the Unruh Act. A "high-frequency litigant" is defined as, "a plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a

construction-related accessibility violation." (Cal. Civil Code § 425.55(b)(1).) Clearly, the instant Plaintiff is a high-frequency litigant as he has filed 38 lawsuits **since September** of this year. (Request for Judicial Notice, ¶ 1, Ex. A.) California law has heightened pleading requirements for complaints filed by high-frequency litigants. High-frequency litigants "must allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. (*See* Code of Civil Procedure Code § 425.50(a)(4)(A).)

These additional requirements became effective on October 15, 2015 and not only apply to plaintiffs but apply to high-frequency attorneys as well. (*See* Code of Civil Procedure § 425.55(b)(2).) Undoubtedly, Manning Law, APC is a high-frequency law firm as it has filed 965 lawsuits between September 30, 2019 and September 30, 2020. (Request for Judicial Notice, ¶ 2, Ex. B.) To deter this kind of predatory litigation, the California Legislature found and declared:

> "According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaint filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against [ ] businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. The practice unfairly taints the reputation of other innocent disabled customers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336)." (Code of Civil Procedure § 425.55(a)(2).)

District courts may decline to exercise jurisdiction over supplemental state law claims "depending on a host of factors" including "the circumstances of the particular case, that nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." (*City of Chicago v. International College of Surgeons* (1997) 522

U.S. 156, 173.) The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a 'federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (*Ibid*.)

Here, as discussed hereinbelow the circumstances warrant dismissal of the Unruh Act claim because it would be entirely unfair for them to proceed in state court once they're dismissed in federal court. Because California's heightened pleading standards and increased filing fees do not apply in federal court, Plaintiff has circumvented the restrictions California has imposed on Unruh Act claims by predatory litigants, such as this Plaintiff and his attorneys, by their reliance on 28 U.S.C. § 1367(a)'s grant of supplemental jurisdiction to file his Unruh Act claim with the Americans for Disability Act claim for injunctive relief. By enacting the restrictions for high-frequency litigants, California has expressed a desire to limit the financial burdens on California's businesses. Plaintiff and his counsel have intentionally evaded these statutory limits and sought a forum in which Plaintiff can claim statutory penalties under the Unruh Act by way of a procedure inconsistent with the California requirements. This type of lawsuit, and the burden that is ever-increasing on the federal court system, presents "exceptional circumstances" and "compelling reasons" to justify the Court's discretion to dismiss the State law claims with prejudice.

Here, where injunctive relief is available under both the Unruh Act and the ADA, there can be no other reason that Plaintiff chose to forum shop in federal court than to evade California's restrictions on predatory filings. A dismissal of the Unruh Act claim with prejudice will send a message to not only this Plaintiff, but to all high-frequency litigants who routinely take unscrupulous advantage of 28 U.S.C. § 1367 and over burden the federal court system with construction-related access claims, when what they are truly after are the statutory penalties **only allowable** under the Unruh Act. (*See* 42 U.S.C. § 12188(a)(2), and Civil Code § 52(a).)

Federal courts may properly take measures to discourage forum-shopping and such measures should be implemented here as it is unclear what advantage Plaintiff gains by being in federal court. The sole purpose for attaching the Americans with Disabilities Act claim is to get

his Unruh Act claim into federal court which is "forum-shopping plain and simple[.] … Discouraging forum-shopping is a legitimate goal for the federal courts. (Citation.) Serious questions of forum shopping necessarily arise 'to the extent that the federal claim is used as a bootstrap, merely to facilitate the choice of a federal forum over the pendent state claim." (*Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant* (S.D. Cal. 2005) 406 F.Supp.2d 1120, 1131.)

The exceptional circumstances and compelling reasons that exist in this case – California Legislature expressly enacting a statute to combat predatory litigation through the enactment of Code of Civil Procedure § 425.55 - support the conclusion that at a minimum, the Court should decline supplemental jurisdiction over state law claims. However, Defendant requests that not only a declination occur, but a dismissal with prejudice be ordered because if Plaintiff truly wanted an adjudication of his State law claims, he could have brought those claims in State court in the first instances. If a dismissal without prejudice occurs, it is only the Defendant that will prejudiced because it will be forced to defend against two separate law suits in two different forums (potentially simultaneously) which are identical in their nature and which will cause an economically unfair disadvantage to Defendant.

There can be no prejudice to Plaintiff for the dismissal with prejudice because he could have sought recovery in State court in the first place. If Plaintiff was successful, filing in State court would have provided him the recovery of the statutory penalties that he seeks, along with his attorneys' fees and costs under the Unruh Act claim which are **only** recoverable by Plaintiff, not Defendant. (*Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1053.). By forum shopping, Plaintiff voluntarily forfeited the right to that recovery when he chose to file his claim in federal court. Defendant should not be unfairly punished by having to defend against two lawsuits when it was not the party that chose the forum in the first place.

Furthermore, the duplicity of the lawsuits creates an overly burdensome impact on the court system as a whole as Plaintiff would have one case in federal court and potentially another case in State court, at the same time, with the same facts and asking for the same relief. Not to mention the potential of different results. It begs the question of what happens if discrimination

is ruled to have occurred in one case but not the other? If this federal claim is adjudicated in Defendant's favor, then Plaintiff has the ability to rush to the Superior Court steps in an effort to obtain a more favorable ruling. Plaintiff would get two bites at the apple when he should be limited to only one.

### IV. THE PRESENT CIRCUMSTANCES WARRANT THE ALLOWANCE FOR DEFENDANT'S RECOVERY OF THEIR ATTORNEYS' FEES AND COSTS

According to 42 USC § 12205, in any action commenced under the Title 42, the Americans with Disabilities Act, the Court in its discretion may allow the prevailing **party** their attorneys' fees and costs. While it is acknowledged that recovery of a prevailing defendant's attorneys' fees and costs is the exception, the Court should grant defendant's recovery when plaintiff's "suit was totally unfounded, frivolous, or otherwise unreasonable or that plaintiff continued the litigation after it clearly became so." (*Bercovitch v. Baldwin* (1999) 191 F.3d 8, 11.)

Here, Plaintiff, as a serial litigant should know and understand the basic pleading requirements established by Rule 8. Plaintiff's factually devoid Complaint rendered it necessary for Defendant to incur the time and expense in filing this Motion. Plaintiff's conclusory allegations and ambiguity surrounding the particular circumstances of how the alleged barriers caused him difficulty and the conspicuous silence about his mobility device, necessitated this Motion. Plaintiff should know that in order for his case to proceed, there must be a live case and controversy warranting relief, so that this Court could retain subject matter jurisdiction. Despite this knowledge, Plaintiff consciously disregarded basic pleading requirements, and Defendant has been forced to continue to spend considerable time, money and effort defending against Plaintiff's Complaint.

Furthermore, as Plaintiff deliberately has forum shopped and unscrupulously bootstrapped his State law claims solely for the purpose of circumventing the additional high-frequency litigant procedures, Defendant respectfully requests that the Court exercise its discretion and award its attorneys' fees and costs for Plaintiff's abuse of the judicial process.

///

## V.  CONCLUSION

This Motion should be granted as the allegations in Plaintiff's Complaint do not comply with the pleading requirements under Rule 8, as the details are lacking and are wholly speculative that Plaintiff is entitled to any relief. The Court should at a minimum decline supplemental jurisdiction over the State law claims and at best dismiss the pendant claims with prejudice. Lastly, as Plaintiff knowingly and consciously disregarded basic pleading requirements and blatantly forum shopped to gain an unfair advantage in obvious circumvention of the California Legislature's findings and statutes, should this Motion be granted, Defendant begs upon the Court's discretion to award their attorneys' fees and costs.

DATED: December 7, 1010                    HATMAKER LAW GROUP
                                            A Professional Corporation

                                            By    /s/ Rachelle Taylor Golden
                                               RACHELLE TAYLOR GOLDEN
                                               Attorney for Defendant,
                                               5661 SULTANA, LLC

## PROOF OF SERVICE

I am employed in the County of Fresno, California; I am over the age of eighteen years and not a party to the within cause; my business address is: 7522 N. Colonial Avenue, Fresno, CA 93711.

On December 7, 2020, I served the foregoing document(s) described as:

**DEFENDANT, 5561 SULTANA, LLC'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AS TO PLAINTIFF'S COMPLAINT**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

MANNING LAW, APC
Joseph R. Manning, Jr.
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Ph: (949) 200-8755
Email: DisabilityRights@manninglawoffice.com
**Attorneys for Plaintiff, George Avalos**

_____ (By U.S. Mail) I caused each envelope, with postage fully prepaid, to be placed in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in the City of Fresno, California after the close of the day's business.

_____ (By Facsimile) I caused this document to be delivered via facsimile to the numbers set forth below.

__X__ (By Electronic Service) - I caused a true and correct copy of the document(s) described above to be uploaded to the Court approved case management system, and served electronically to all parties listed above.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct. Executed on December 7, 2020, at Fresno, California.

By:   /s/ *Rachelle Taylor Golden*
RACHELLE TAYLOR GOLDEN

12
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS